José Abraham Torres, demandante y apelado, *v.* Joaquín Díaz, demandado y apelante.

No. 6396.—*Sometido:* Junio 10, 1933. *Resuelto:* Julio 11, 1933.

*G. López de Victoria,* abogado del apelante; *O. Souffront,* abogado del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

El demandante apelado, José Abraham Torres, solicita la desestimación del recurso interpuesto por el demandado contra la resolución dictada por la Corte de Distrito de Mayagüez condenando a dicho demandado a pagar la suma de

$400 por honorarios de abogado y $29 en concepto de costas y desembolsos. Se alega por el demandante apelado que el escrito de apelación va dirigido al Lic. Oscar Souffront, que no es parte apelada en el procedimiento, y al secretario de la corte, sin especificar a qué secretario se dirige.

■ El Sr. Souffront es abogado del demandante, según consta claramente de los autos. Compareció ante la corte inferior representando al demandante y ante esta corte para sostener y argumentar la apelación. El artículo 296 del Código de Enjuiciamiento Civil dispone que el escrito de apelación se dirija a la parte contraria o a su abogado. El Sr. Souffront se dió por notificado como abogado del demandante. No puede haber una prueba más evidente y más clara de que se ha cumplido con los preceptos del estatuto.

■ Es verdad que se omitió el nombre de la corte en el escrito de apelación, el cual aparece dirigido exclusivamente al secretario de la corte y al Lic. Oscar Souffront; pero no es menos cierto que hay prueba en los autos de que este escrito de apelación fué radicado en la Secretaría de la Corte de Distrito de Mayagüez. Así lo certifican el abogado del demandante, Sr. Oscar Souffront, y el abogado del demandado, Gilberto López de Victoria, quienes autorizan con sus firmas la transcripción de los documentos que obran en autos, entre los cuales figura el escrito de apelación de la aprobación del memorándum de costas. Aparece sin dejar lugar a dudas que se ha cumplido con el propósito de la ley y por lo tanto no procede la desestimación del recurso por el motivo alegado.

■ Entiende además el demandante que procede la desestimación por motivos de frivolidad.

El demandado arguye en su alegato que la Corte de Distrito de Mayagüez cometió error al conceder $400 para honorarios de abogado por ser dicha cantidad excesiva en relación con el grado de temeridad del demandado apelante. Se dictó sentencia en este caso a favor del demandante por la cantidad de $850. Se concedieron $400 por honorarios de

abogado y $29 en concepto de costas y desembolsos. Alega el apelante que la acción del demandante apelado se funda en el inciso tercero del artículo 1803 del Código Civil de Puerto Rico. Añade que el demandado apelante no estaba en el sitio del accidente cuando ocurrió éste, ni le consta de propio conocimiento cómo se desarrollaron los hechos, y arguye que si bien el pronunciamiento de costas de la corte inferior fué confirmado en apelación, tiene derecho a discutir el grado de temeridad del demandado apelante en relación con la cuantía concedida, la cual considera excesiva.

Opinamos que no procede la desestimación del recurso por motivos de frivolidad.

El demandante apelado sugiere que si de acuerdo con lo que aparece de la faz de las alegaciones transcritas este tribunal creyera que se impone una reducción en la suma fijada para honorarios de abogado, dicho demandante y apelado consiente en que este tribunal haga la reducción que crea justa y confirme la resolución una vez notificada, todo lo cual redundaría en beneficio de ambas partes y de una rápida administración de justicia. Aunque nos parece plausible la solución propuesta, sin embargo esta corte no puede, en una moción de desestimación de apelación, dictar la resolución que interesa el demandante.

*Debe declararse sin lugar la moción del demandante apelado.*